15 N.J. Super. 398 (1951)
83 A.2d 548
BROOKLYN TRUST COMPANY, A BANKING CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF NEW YORK, COMMITTEE OF THE PERSON AND PROPERTY OF SALVATORE ZINGALE, AN INCOMPETENT PERSON, AND MARY ZINGALE, PLAINTIFFS,
v.
RUBIN PODVIN, MORRIS J. SASLAFF COMPANY, MORRIS J. SASLAFF, WILLIAM SASLAFF, CAROLINE FISCHLER, BENJAMIN A. RIMM, THE BOARDWALK NATIONAL BANK OF ATLANTIC CITY, A NATIONAL BANKING ASSOCIATION, AND SALVATORE ZINGALE, INC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided September 28, 1951.
*399 Mr. Edward J. O'Mara and Mr. Frederic W. Schumann for plaintiffs (Messrs. O'Mara, Conway & Schumann, attorneys).
Mr. Eugene N. Harris for the defendant Boardwalk National Bank (Messrs. Kirkman, Mulligan & Harris, attorneys).
Mr. Clarence Blitz for the defendants Rubin Podvin and Gussie Podvin, his wife.
*400 Mr. Samuel Levinson for the defendants Benjamin A. Rimm and Caroline Fischler.
Mr. Abraham Rosenberg for the defendants Morris J. Saslaff Co., Morris J. Saslaff and William Saslaff.
HANEMAN, J.S.C.
The defendant Boardwalk National Bank herein sought a reargument in this cause on the ground that in the primary opinion the court overlooked that at the time of the final settlement for the purchase of the real estate here involved the said Boardwalk National Bank held a first mortgage in the approximate sum of $21,000, which was cancelled out of the proceeds of a new mortgage then given to Salvatore Zingale or his alter ego, Salvatore Zingale, Inc., by it.
In the primary opinion filed herein, I determined that the plaintiff, as guardian for Salvatore Zingale, should be granted a first lien to secure the payments therein directed to be made to him. It had escaped my attention that the defendant Boardwalk National Bank was the holder of the original mortgage, which was paid off and cancelled as above set forth out of the proceeds of the said $24,000 mortgage.
The plaintiff is entitled, as guardian for an incompetent, to be placed in the same position that the incompetent would have enjoyed had the contract not been entered into, but no better position.
Although I have found that the Boardwalk National Bank had notice of the incompetency of Salvatore Zingale, I am as well satisfied that it did not proceed flagrantly in the face of such notice to consummate the mortgage transaction with him. I am satisfied that the officials of said bank had forgotten the communication which they had received on February 27, 1948, concerning the application for the mortgage which was then pending before it when it made settlement under a different application on July 22, 1949. The Boardwalk National Bank, therefore, did not come into this court with unclean hands. Had there been no new money advanced by the Boardwalk National Bank, and had Salvatore *401 Zingale purchased the property subject to the mortgage as it existed at the time of his purchase, it would have had a valid and subsisting mortgage to the extent of some $21,000, not subject to attack by him.
I find, therefore, that the Boardwalk National Bank is entitled to be subrogated to the lien of the mortgage discharged out of the proceeds of the $24,000 mortgage executed by Salvatore Zingale, Inc., to the extent of the mortgage so discharged. The effect of this conclusion, therefore, is that the Boardwalk National Bank is entitled to a first lien on the premises to the extent of the amount due on the mortgage so cancelled and discharged, and that plaintiff is entitled to a second lien as security for the recovery of the other sums found due it under the primary opinion.
Judgment will be entered accordingly.